## SAMUEL WILBUR *versus* HENRY CRANE.

A complaint by a woman under the bastardy act, (*St.* 1785, *c.* 66,) accusing a man of being the father of her bastard child, though in some respects in the form of a criminal prosecution, is in substance and effect a civil suit.

If a feme covert delivered of or pregnant with a bastard child, is comprehended in the statute, such a complaint cannot be maintained by her without joining her husband.

Whether such a complaint prosecuted by the wife without joining her husband, is void, or only voidable upon a plea in abatement, the surceasing the suit is not a valid consideration to support a promissory note given by the party accused.

A receipt and discharge from liability, given by the wife to the party accused, is a void act and constitutes no valid consideration for his promissory note.

If such a note were valid, the husband might release it.

So he might release it, although it were given to a third person as the payee in trust for the wife.

ASSUMPSIT on a promissory note, dated May 28, 1829, signed by the defendant as promisor, payable to Samuel Wilbur or bearer, for the sum of 200 dollars, on demand with interest, attested by Samuel Wilbur junior.

At the trial before *Shaw* C. J. at April term 1831, it appeared in evidence, that Samuel Wilbur junior, who was a deputy sheriff, had a warrant issued by Cyrus Lothrop, on the complaint of a married woman, Tylee Lincoln, the wife of Amos Lincoln, on the bastardy act, charging the defendant with being the father of her bastard child. When the officer went with the warrant to arrest the defendant, he was authorized by the complainant to settle with the defendant, and for that purpose he took a receipt signed by the complainant. The officer testified, that when he saw the defendant, he informed him of the purpose of his call; that thereupon the defendant expressed his willingness to settle the demand and to give his note for 200 dollars; and he

thereupon signed the note in question. He expressed an earnest desire that the business should be kept secret. The witness also testified, that the note was prepared and taken by him ; that it was made payable to his father, the plaintiff, or bearer, because the witness was told that it would not do to make it payable to the complainant, she being a married woman ; that his father had no knowledge of the transaction, no interest or concern in the matter, and no notice of the proceeding, but that his father had previously authorized him to take obligations and notes in his name, and bring actions in his name, when it suited his convenience ; that when he took the note, he offered to give the defendant Tylee Lincoln's receipt for the money and discharge from further claim, but that the defendant declined taking it, lest the possession of it should expose him to an action by Amos Lincoln, but that he requested the officer to keep it for him, which he did, and he had it still ; but it was not produced.

He further testified, that he made no return of the warrant until since the commencement of April term 1831 of this Court, when he returned it to Lothrop with a certificate of his proceedings thereon.

It further appeared, that Tylee Lincoln had been deserted by her husband, about three years before the trial, that he had left her very destitute, had made no provision for her since, and was reputed to be living in adultery with another woman.

It further appeared, that after the commencement of this action a release was executed by Amos Lincoln to the defendant, " of and from all actions and cause or causes of action whatsoever &c., and particularly from any claim, demand, or complaint whatsoever arising for or by reason of any alleged intercourse with my wife, and from any charge for the maintenance of any child of which my wife is said now to be pregnant."

It further appeared, that after this suit had been some time pending, the defendant sent a notice to the plaintiff, that he was desirous of having a trial ; whereupon the plaintiff said that the defendant did not owe him any thing, and that he knew nothing of any note or suit against the defendant.

Upon these facts the question was, whether the plaintiff had a right to recover.

The cause was argued in writing.

*T. G. Coffin,* for the defendant, contended, 1. That the action could not be sustained, inasmuch as the note was without consideration and void. *Russell* v. *Brooks,* 7 Pick. 65 ; Co. Lit. 244 *a* ; *Pearson* v. *Pearson,* 7 Johns. R. 26 ; 1 Comyn on Contr. 9, 10 ; *Fowler* v. *Shearer,* 7 Mass. R. 14 ; *Rann* v. *Hughes,* 7 T. R. 350, note ; *Hill* v. *Buckminster,* 5 Pick. 391 ; *Lloyd* v. *Lee,* 1 Str. 94 ; *Cole* v. *Gower,* 6 East, 110.

. 2. But if the note was founded on a valid consideration, the release given by the husband of Tylee Lincoln is a bar to the action. *Dean* v. *Richmond,* 5 Pick. 461.

*Metcalf* for the plaintiff. If the note in suit is void for want of a consideration, doubtless the defence must prevail. The note was given to compromise a process issued under the statute of 1785, *c.* 66, § 2. The defendant objects that a feme covert is not entitled to such process ; but the language of the statute is, " any woman " &c., and it was manifestly the intention of the legislature to include all mothers of bastard children. Anc. Chart. 239 ; English statute's 18 *Eliz.* c. 3, and 6 *Geo.* 2, *c.* 31 ; *Rex* v. *Luffe,* 8 East, 193.

It is further objected, that a feme covert's child is by law legitimate, in all cases. But no authority is required to the point, that the offspring of a feme covert may, in a common law suit, be shown to be illegitimate, and that the mother is a witness to prove the criminal intercourse. 2 Stark. Ev. 217 *et seq.* If the process in the case now in question had proceeded, the mother might have testified to all the facts required . by the statute, as complainants may and must ·in all similar cases. But the Court will not new inquire whether the mother could have *proved* her complaint. The affair was adjusted by the *voluntary* act of the defendant ; and this voluntary compromise upon the surceasing of a *legal suit,* is alone a sufficient consideration to support the promise contained in the note. *Longridge* v. *Dorville,* 5 Barn. & Ald. 117.

This note is valid also, on the principle of the cases of a promise in consideration of past cohabitation and children, pregnancy or seduction. *Gibson* v. *Dickie*, 3 Maule & Selw. 463 ; *Shenk* v. *Mingle*, 13 Serg. & Rawle, 29 ; *Binnington* v. *Wallis*, 4 Barn. & Ald. 650.

The defendant further objects, that the cause of action, if any, on the bastardy act, was in the husband ; the process was therefore void ; and so the surceasing of the suit is not a sufficient consideration for the note. This objection confounds the common law *right of action* with the statute process concerning bastard children, and overlooks the distinction between femes covert when *suing*, and when *sued*, as femes sole. Admitting, however, for argument's sake, that the process should have been in the name of the husband and wife, or in other language, that the wife must have proceeded, so far as regards parties to the process, precisely as she must if the suit had been at common law, the consequence would be, merely that the coverture might have been pleaded in abatement. *Milner* v. *Milner*, 3 T. R. 631 ; *Morgan* v. *Painter*, 6 T. R. 265. Abatable process is not void, and the forbearing to sue, or surceasing, abatable process, is as good a consideration, as the forbearance or surceasing of process wholly unexceptionable.

It will be noticed by the Court, that whether the process and complaint ought to have been pursued by the wife alone, or by her and her husband, yet the husband could not proceed one step without the wife. *Her* oath and examination (which the husband could not enforce) were indispensable prerequisites to the issuing of process. And it seems idle to pretend that in the *original* process, which is a mere warrant, *in form, criminal*, the name of the husband ought to have been or could have been inserted. There seems to be little more pretence for saying that the *complaint* (if the case had proceeded so far) should have been in the names of the husband and wife. The proceedings under the statute are, in most particulars, of a criminal nature, and not to be judged of by rules applicable to civil suits. *Hill* v. *Wells* 6 Pick 106 *et seq.*

The last objection on the part of the defendant is, that this note, if valid, belongs to the husband, and that he alone can bring an action upon it. But all specialties and unindorsed promissory notes and bills of exchange must be sued by the payee, whoever has the beneficial interest, either on the face of the instrument or by proof *aliunde. Rolls* v. *Yate,* Yelv. 177 ; *Scholey* v. *Mearnes,* 7 East, 148 ; Bayley on Bills, (Phil. & Sewall's edit.) 76 ; *Smith* v. *Kendall,* 6 T. R. 123. The plaintiff on the record has a *legal* interest in the note, and that interest the husband of Tylee Lincoln has no power to release. The note was taken, payable to the plaintiff, by his authority previously given, and since ratified by his permitting the suit to stand in his name. It was taken in this manner, for the laudable as well as obvious purpose of securing the avails of it to the mother of the child ; whose interests the Court will protect by all legal measures in their power. *Eastman* v. *Wright,* 6 Pick. 322 and cases there cited ; *Innell* v. *Newman,* 4 Barn. & Ald. 421.

Oct. 27th.    WILDE J. delivered the opinion of the Court. In deciding this cause, we have not thought it necessary to consider and determine all the questions which have been raised and argued by the learned counsel, but have confined our consideration to those alone which appear to be most important, and which are decisive of the merits of the case.

The action is assumpsit on a promissory note of hand, and the defence is, that the note is void for want of consideration ; or if not, that it has been legally released and discharged.

It was proved on the trial, that the plaintiff had no knowledge of the giving of the note at the time, and had no interest or concern in the matter. He is a mere nominal party, and sues for the use and benefit of one Tylee Lincoln, the wife of Amos Lincoln, to whom she had been married for a long time previous to this transaction. If any consideration was given for the note, it was given by her.

The first consideration relied on by the plaintiff's counsel is, that the note was given to compromise a process com-

menced by Tylee Lincoln against the defendant, on the bastardy act, (*St.* 1785, *c.* 66,) and that the process was accordingly no further prosecuted.

The second, that the defendant was discharged from all further liability by Tylee's receipt, which receipt, though not received by the defendant, was given to the officer for his use, and was retained in the hands of the officer by his request.

The objection made to the first mentioned consideration is, that the process was void, and could not be maintained without joining the husband. This objection appears to the Court to be well-founded. The rule, that no action can be maintained by or against a feme covert, appears to be of universal application; we are not aware of any exception. The husband and wife are considered in law but as one person. There is allowed but one will between them, which .s placed in the husband. This may be a technical and artificial rule, but the Court have no power to dispense with it for that reason. And there seems to be no good exception to it, if we had the power. If the wife were allowed to sue alone, the defendant, if he should recover judgment for costs, might have no sufficient means to secure payment, which would be unjust. For as the husband would be entitled to the money if the wife should recover judgment, he ought to be responsible if she should fail.

But it has been argued, that this case is an exception to the general rule, or does not fall within it, first, because the process is in some respects in the form of a criminal prosecution. But we consider the form of process immaterial; the suit is in substance and effect a civil suit; as much so, as it would have been if the remedy provided were a special action on the case. The object of the suit is to recover damages up to the time of the judgment, and security for subsequent damages and expenses.

Secondly, it is said that the statute expressly provides that the mother of a bastard child may prosecute, and that feme-coverts are comprehended in this provision. It may be so, but we give no opinion on this point. Whatever nay be the construction of the statute in this respect, it is

not to be presumed that there was any intention to interfere with or change the rights of the husband as established by law. The form was adapted to the cases which were chiefly, if not solely, intended to be provided for ; and besides, the language of the statute does not prohibit the joining the husband, and the rules of the common law are not to be changed by doubtful implication. By the statute of wills (1783, *c.* 24,) it is provided, that all persons of full age and of sane mind may dispose of their real estates, as well by last will and testament in writing, as otherwise by any act executed in his or her lifetime. It was, however, decided in the case of *Osgood* v. *Breed*, 12 Mass. R. 530, that a married woman, although within the words of the statute, was not authorized, during coverture, to make a devise of her lands, because, say the Court, " it was not the design to alter the relation between husband and wife, or the legal effect of that relation." And there is much less reason, or appearance of reason, in the present case, for supposing that the legislature intended to alter the legal effects of that relation, by the statute in question.

But it is again argued, that if the husband should have joined in the process, the non-joinder was only matter of abatement, and that the process was not void. We consider it, however, immaterial whether the process was void, or only voidable by plea of abatement. If the defendant had a legal right to defeat the process, the surceasing the suit was not a valid consideration to support the note.

The second consideration relied on, viz. that the wife discharged the defendant from his liability, is altogether unfounded. Her receipt was a void act, and could not operate as a discharge, or in any other manner. Upon the whole, therefore, we are of opinion that the first ground of defence is well maintained, and this is decisive of the cause.

We have, however, no doubt that the second ground of defence is equally well maintained.

If this note had been given to the wife directly, it would have enured to the use of the husband, and he alone could have released or discharged it ; and the intervention of a trustee does not change the husband's rights. It is true he

might recover on the note in the name of the nominal pro-
misee, but he has a right also to release the note ; and
we think the release in the case does operate as a discharge.
The note is not released in terms, but every matter and thing
the note was given to secure was released, and this alone
would show a failure of consideration.

" The note," it is said, " was given in this manner, for
the *laudable*, as well as *obvious* purpose, of securing the avails
of it to the mother of the child, whose interests the Court
will protect by all legal measures in their power." Or in
other language, as we understand it, the wife, after com-
mitting the foulest crime against her husband, may secure to
her own use the wages of her iniquity, in defiance of his
authority and rights, by the intervention of a trustee, and
this is such a laudable act as to deserve the especial protec-
tion of the Court. We certainly feel no disposition to coun-
tenance such an attempt. The law does not sanction it, nor
will it, we trust, ever be tolerated in a court of justice.

It is the opinion of the Court therefore, upon the whole
matter, that this action, upon the facts reported, cannot be
maintained, and the plaintiff, according to the agreement of
parties, is to become nonsuit.